RANDY S. GROSSMAN
Acting United States Attorney
KATHERINE L. PARKER
California Bar No. 222629
REBECCA G. CHURCH
California Bar No.: 259652
Assistant U.S. Attorney
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7634/7721
Fax: (619) 546-7751
Email: Katherine.parker@usdoj.gov
Rebecca.church@usdoj.gov
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA A. POMARES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>Defendant. | Case No.: 21cv84 H (MSB)<br><br>**ANSWER** |

1.  Answering paragraph 1, Defendant admits that this is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 et seq., Defendant

further responds that the allegations contained therein are Plaintiff's characterization of his claims, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

## ALLEGATIONS REGARDING JURISDICTION AND VENUE

2. Answering paragraph 2, Defendant responds that this paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

## ALLEGATIONS REGARDING PARTIES

3. Answering paragraph 3, Defendant is without sufficient knowledge or information to admit or deny the allegations of said paragraph, and on that basis denies them.

4. Answering paragraph 4, Defendant admits that the United States Department of Veterans Affairs (VA) is an agency of the United States. Defendant further responds that this paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

## ALLEGATIONS REGARDING THE RELEASE OF THE RECORDS SOUGHT WOULD SERVE THE HIGHEST PUBLIC INTEREST

5. Answering paragraph 5, Defendant admits that the VA has applied Exemption 6. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. Defendant responds that the allegations also contain Plaintiff's characterization of his claims, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

6. Answering paragraph 6, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

7. Answering paragraph 7, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

8. Answering paragraph 8, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

9. Answering paragraph 9, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

10. Answering paragraph 10, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

11. Answering paragraph 11, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

12. Answering paragraph 12, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

13. Answering paragraph 13, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

14. Answering paragraph 14, Defendants responds that there is not a paragraph 14. To the extent a response is deemed required, the allegations are denied.

15. Answering paragraph 15, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

16. Answering paragraph 16, Defendant admits that it released an email to Plaintiff dated January 21, 2020. Said paragraph contains Plaintiff's characterizations of the email to which no response is required. The email speaks for itself. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

17. Answering paragraph 17, Defendant admits that it released to Plaintiff an email to Ms. Bogue dated January 22, 2020. Said paragraph contains Plaintiff's characterizations of an email to which no response is required. The email speaks for itself. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

18. Answering paragraph 18, Defendant admits that it released to Plaintiff an email from Ms. Bogue dated January 22, 2020. Said paragraph contains Plaintiff's characterizations of an email to which no response is required. The email speaks for itself. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

19. Answering paragraph 19, Defendant admits that VES's website contains a copy of a letter written to Executive Director Bogue dated January 21, 2020. Said paragraph contains Plaintiff's characterizations of a letter to which no response is required. The letter speaks for itself. Defendant further responds that said paragraph contains allegations

regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

20. Answering paragraph 20, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

21. Answering paragraph 21, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

22. Answering paragraph 22, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

23. Answering paragraph 23, Defendant admits that it issued a press release on March 9, 2020. Said paragraph contains Plaintiff's characterizations of the press release to which no response is required. The press release speaks for itself. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

24. Answering paragraph 24, Defendant admits that it communicated by letter dated March 9, 2020, with The University of Phoenix and with Career Education Corporation. Said paragraph contains Plaintiff's characterizations of communications to which no response is required. The communications speak for themselves. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

25. Answering paragraph 25, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

26. Answering paragraph 26, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

27. Answering paragraph 27, Defendant responds that said paragraph contains Plaintiff's characterizations of communications to which no response is required. The communications speak for themselves. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

28. Answering paragraph 28, Defendant responds that said paragraph contains Plaintiff's characterizations of communications to which no response is required. The communications speak for themselves. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

29. Answering paragraph 29, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

30. Answering paragraph 30, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

31. Answering paragraph 31, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

32. Answering paragraph 32, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

33. Answering paragraph 33, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

34. Answering paragraph 34, Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

35. Answering paragraph 35, Defendant responds that said paragraph contains Plaintiff's characterizations of a letter to which no response is required. The letter speaks for itself. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

36. Answering paragraph 36, Defendant responds that said paragraph contains Plaintiff's characterizations of communications to which no response is required. The communications speak for themselves. Defendant responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

# ALLEGATIONS REGARDING FACTS COMMON TO CAUSES OF ACTION ONE THROUGH SEVEN

37. Answering paragraph 37, Defendant admits that it received Plaintiff's FOIA request (the "Request") dated November 9, 2020, by email on or around November 10, 2020. Defendant responds that said paragraph contains Plaintiff's characterizations of a FOIA request to which no response is required. The FOIA request speaks for itself. Defendant responds that this paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

38. Answering paragraph 38, Defendant denies that it restructured Plaintiff's FOIA request in to seven FOIA requests. Defendant admits that it assigned tracking numbers and processed the FOIA request. Defendant further responds that this paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

39. Answering paragraph 39, Defendant responds that the allegations contained therein are Plaintiff's characterization of his claims, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

40. Answering paragraph 40, Defendant admits that after November 9, 2020, it communicated with Plaintiff by undated letter and advised that his request was assigned five tracking numbers. Defendant further responds that said paragraph contains Plaintiff's characterizations of a letter to which no response is required. The letter speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

41. Answering paragraph 41, Defendant admits that VA FOIA Service received an email from Plaintiff on or around November 11, 2020. Defendant responds that said paragraph contains Plaintiff's characterizations of an email to which no response is required. The email speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

42. Answering paragraph 42, Defendant admits that on November 11, 2020, it received an email from Plaintiff. Defendant further responds that said paragraph contains

Plaintiff's characterizations of an email to which no response is required. The email speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

43. Answering paragraph 43, Defendant admits that it communicated with Plaintiff by email on November 17, 2020. Defendant responds that said paragraph contains Plaintiff's characterizations of an email to which no response is required. The email speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

**FIRST CAUSE OF ACTION**

44. Answering paragraph 44, Defendant admits that on November 17, 2020, it sent Plaintiff a letter via email from the VBA, which acknowledged receipt of her FOIA request and assigned it tracking number 21-00931-F. Defendant further responds that said paragraph contains Plaintiff's characterizations of an email to which no response is required. The email speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

45. Answering paragraph 45, Defendant admits that VBA communicated with Plaintiff by email on November 27, 2020. Defendant further responds that said paragraph contains Plaintiff's characterizations of an email to which no response is required. The email speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

46. Answering paragraph 46, Defendant admits that it received an email from Plaintiff dated November 30, 2020. Defendant further responds that said paragraph contains Plaintiff's characterizations of an email to which no response is required. The email speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

47. Answering paragraph 47, Defendant admits that it communicated with Plaintiff by email on November 30, 2020 but denies Plaintiff's characterization of that email. Defendant further responds that said paragraph contains Plaintiff's characterizations of an email to which no response is required. The email speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

48. Answering paragraph 48, Defendant responds that said paragraph contains Plaintiff's characterizations of an email to which no response is required. The email speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

49. Answering paragraph 49, Defendant admits that on December 2, 2020, the VBA FOIA specialist sent an email to Plaintiff. Defendant further responds that said paragraph contains Plaintiff's characterizations of an email to which no response is required. The email speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

50. Answering paragraph 50, Defendant responds that said paragraph contains Plaintiff's characterizations of an email to which no response is required. The email speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

51. Answering paragraph 51, Defendant responds that said paragraph contains Plaintiff's characterizations of an email to which no response is required. The email speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

52. Answering paragraph 52, Defendant responds that this paragraph contains legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**SECOND CAUSE OF ACTION**

53. Answering paragraph 53, Defendant admits the allegations.

54. Answering paragraph 54, Defendant admits that VBA communicated with Plaintiff by letter dated December 10, 2020. Said paragraph contains Plaintiff's characterizations of a letter to which no response is required. The letter speaks for itself. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

55. Answering paragraph 55, Defendant admits the allegations.

56. Answering paragraph 56, Defendant admits that VBA communicated with Plaintiff by letter dated December 15, 2020. Said paragraph contains Plaintiff's

characterizations of a letter to which no response is required.  The letter speaks for itself. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required.  To the extent a response is deemed required, the allegations are denied. Defendant further responds that the allegations contained therein are Plaintiff's characterization of his claims, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

### THIRD CAUSE OF ACTION

57.	Answering paragraph 57, Defendant admits the allegations.

58.	Answering paragraph 58, Defendant admits that OAWP communicated with Plaintiff by letter dated December 4, 2020.  Said paragraph contains Plaintiff's characterizations of a letter to which no response is required.  The letter speaks for itself. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required.  To the extent a response is deemed required, the allegations are denied.

59.	Answering paragraph 59, Defendant admits the allegations.

60.	Answering paragraph 60, Defendant admits that OGC communicated with Plaintiff by letter dated December 8, 2020.  Said paragraph contains Plaintiff's characterizations of a letter to which no response is required.  The letter speaks for itself. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required.  To the extent a response is deemed required, the allegations are denied.

61.	Answering paragraph 61, Defendant admits that OGC received an email communication from Plaintiff dated December 9, 2020.  Said paragraph contains Plaintiff's characterizations of a letter to which no response is required.  The letter speaks for itself. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required.  To the extent a response is deemed required, the allegations are denied.

## FOURTH CAUSE OF ACTION

62. Answering paragraph 62, Defendant admits the allegations.

63. Answering paragraph 63, Defendant admits the allegations.

64. Answering paragraph 64, Defendant admits the allegations.

65. Answering paragraph 65, Defendant admits that it communicated with Plaintiff by letter on December 22, 2020, acknowledging receipt of his appeal. Defendant denies the remainder of the allegations in paragraph 65. Said paragraph contains Plaintiff's characterizations of a letter to which no response is required. The letter speaks for itself. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

## FIFTH CAUSE OF ACTION

66. Answering paragraph 66, Defendant admits that a portion of Plaintiff's FOIA request was assigned to the Office of the Inspector General ("OIG") and assigned Tracking No. 21-00065-F. Defendant responds that said paragraph contains Plaintiff's characterizations of an email and acknowledgement letter to which no response is required. The email and acknowledgment letter speak for themselves. To the extent a response is deemed required, Defendant denies the allegations.

67. Answering paragraph 67, Defendant responds that said paragraph contains Plaintiff's characterizations of an email and letter to which no response is required. The email and letter speak for themselves. To the extent a response is deemed required, Defendant denies the allegations.

68. Answering paragraph 68, Defendant responds that said paragraph contains Plaintiff's characterizations of an appeal to which no response is required. The appeal speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

69. Answering paragraph 69, Defendant responds that said paragraph contains Plaintiff's characterizations of an acknowledgment to which no response is required. The

acknowledgment speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

      70.    Answering paragraph 70, Defendant responds that said paragraph contains Plaintiff's characterizations of a communication to which no response is required. The communication speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

## SIXTH CAUSE OF ACTION

      71.    Answering paragraph 71, Defendant admits the Office of the Secretary, U.S. Department of Veterans Affairs (OSVA) communicated with Plaintiff by letter after November 9, 2020 and advised that his request was assigned five tracking numbers. Said paragraph contains Plaintiff's characterizations of a letter to which no response is required. The letter speaks for itself. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

      72.    Answering paragraph 72, Defendant admits OSVA issued Plaintiff its Initial Agency Decision (IAD) on November 20, 2020, in which it stated it was one page in full and three pages redacted under FOIA Exemption 6. Said paragraph contains Plaintiff's characterizations of a letter to which no response is required. The letter speaks for itself. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

      73.    Answering paragraph 73, Defendant admits correspondence from OSVA dated November 30, 2020 stated it was meant to correct/clarify how the OSVA search was conducted. Said paragraph contains Plaintiff's characterizations of a letter to which no response is required. The letter speaks for itself. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of

action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

74. Answering paragraph 74, Defendant admits correspondence from OSVA dated December 2, 2020, stated it was the second interim IAD and provided Plaintiff with appeal rights. Said paragraph contains Plaintiff's characterizations of a letter to which no response is required. The letter speaks for itself. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

75. Answering paragraph 75, Defendant admits it received Plaintiff's appeal on December 8, 2020.

76. Answering paragraph 76, Defendant admits that on December 8, 2020, it assigned tracking number 152512 to Plaintiff's appeal received on the same date.

77. Answering paragraph 77, Defendant admits it sent Plaintiff correspondence dated March 29, 2021 informing Plaintiff her FOIA request had been remanded to OSVA with the language quoted by the Plaintiff. Defendant denies the rest of the allegations.

## SEVENTH CAUSE OF ACTION

78. Answering paragraph 78, Defendant admits the Office of Public and Intergovernmental Affairs (OPIA) sent Plaintiff correspondence dated November 12, 2020 acknowledging receipt of Plaintiff's FOIA request. Said paragraph contains Plaintiff's characterizations of a letter to which no response is required. The letter speaks for itself. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

79. Answering paragraph 79, Defendant admits correspondence from OPIA dated December 1, 2020, contained the language cited by Plaintiff. Said paragraph contains Plaintiff's characterizations of a letter to which no response is required. The letter speaks for itself. Defendant further responds that said paragraph contains allegations regarding

background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

80. Answering paragraph 80, Defendant admits correspondence from OPIA dated January 26, 2021, informed Plaintiff a search for responsive documents produced 31 pages and that the same were disclosed to the Plaintiff.

81. Answering paragraph 81, Defendant admits OPIA's January 26, 2021 correspondence to Plaintiff did not state it was a final response and that OPIA did not respond to Plaintiff's January 27 and January 28, 2021 emails asking OPIA if the correspondence was final. Defendant denies the rest of the allegations.

**FACTS COMMON TO CAUSES OF ACTION EIGHT THROUGH ELEVEN**

82. Answering paragraph 82, Defendant admits the allegations.

83. Answering paragraph 83, Defendant admits VACO FOIA Service sent Plaintiff an acknowledgement dated November 18, 2020, stating the VACO FOIA Service had received Plaintiff's FOIA request dated November 13, 2020. Said paragraph contains Plaintiff's characterizations of a letter to which no response is required. The letter speaks for itself. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

**EIGHTH CAUSE OF ACTION**

84. Answering paragraph 84, Defendant responds that said paragraph contains Plaintiff's characterizations of a letter to which no response is required. The letter speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

85. Answering paragraph 85, Defendant responds that said paragraph contains Plaintiff's characterizations of an appeal to which no response is required. The appeal speaks for itself. To the extent a response is deemed requird, Defendant denies the allegations.

86. Answering paragraph 86, Defendant responds that said paragraph contains Plaintiff's characterizations of a letter to which no response is required. The letter speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

87. Answering paragraph 87, Defendant responds that said paragraph contains Plaintiff's characterizations of a letter to which no response is required. The letter speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

88. Answering paragraph 88, Defendant responds that said paragraph contains Plaintiff's characterizations of an appeal to which no response is required. The appeal speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

89. Answering paragraph 89, Defendant responds that said paragraph contains Plaintiff's characterizations of a letter to which no response is required. The letter speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

## NINTH CAUSE OF ACTION

90. Answering paragraph 90, Defendants admits that on correspondence to Plaintiff dated November 18, 2020, VACO FOIA Service informed Plaintiff that FOIA request dated November 13, 2020, assigned to VA's Office of Information Technology (OIT) had tracking number 21-01007-F and that OIT had found two hundred sixty-one (261) responsive pages. Defendant denies the rest of the allegations.

91. Answering paragraph 91, Defendant admits the allegations.

92. Answering paragraph 92, Defendant admits on January 19, 2021, it acknowledged receipt of Plaintiff's appeal. Defendant denies the rest of the allegations.

## TENTH CAUSE OF ACTION -

93. Answering paragraph 93, Defendants admits that on correspondence dated November 18, 2020, VACO FOIA Service informed Plaintiff that a copy of his FOIA request dated November 13, 2020, and assigned to VA's Veterans Benefits Administration (VBA) had tracking number 21-01062-F. Said paragraph contains Plaintiff's characterizations of a letter to which no response is required. The letter speaks for itself.

Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

94. Answering paragraph 94, Defendant admits the allegations.

95. Answering paragraph 95, Defendant admits that on correspondence dated January 27, 2021, VBA informed Plaintiff it would release 4,535 pages under Exemption 6 and provided appeal rights to Plaintiff. Defendant denies the rest of the allegations.

96. Answering paragraph 96, Defendant admits Plaintiff sent VBA correspondence dated January 28, 2021. Said paragraph contains Plaintiff's characterizations of a letter to which no response is required. The letter speaks for itself. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

97. Answering paragraph 97, Defendant denies VBA sent Plaintiff correspondence dated January 29, 2021, acknowledging Plaintiff's appeal. Said paragraph contains Plaintiff's characterizations of a letter to which no response is required. The letter speaks for itself. Defendant further responds that said paragraph contains allegations regarding background facts not relevant to stating a cause of action under FOIA, and to which no response is required. To the extent a response is deemed required, the allegations are denied.

### ELEVENTH CAUSE OF ACTION

98. Answering paragraph 98, Defendant admits that on correspondence to Plaintiff dated November 18, 2020, VACO FOIA Service informed Plaintiff that a copy of his FOIA request dated November 13, 2020, assigned to VA's Office of General Counsel (OGC) had tracking number 21-01069-F. Said paragraph contains Plaintiff's characterizations of a letter to which no response is required. The letter speaks for itself. Defendant further responds that said paragraph contains allegations regarding background facts not relevant

1  to stating a cause of action under FOIA, and to which no response is required. To the extent
2  a response is deemed required, the allegations are denied.

3       99.    Answering paragraph 99, Defendant admits on December 17, 2020, OGC
4  provided Plaintiff with a partial initial agency decision. Said paragraph contains Plaintiff's
5  characterizations of a letter to which no response is required. The letter speaks for itself.
6  Defendant further responds that said paragraph contains allegations regarding background
7  facts not relevant to stating a cause of action under FOIA, and to which no response is
8  required. To the extent a response is deemed required, the allegations are denied.

9       100.   Answering paragraph 100, Defendant admits it received Plaintiff's appeal
10 dated December 22, 2020. Defendant denies the rest of the allegations.

## TWELFTH CAUSE OF ACTION

12      101.   Answering paragraph 101, Defendant responds that said paragraph contains
13 Plaintiff's characterizations of a FOIA request to which no response is required. The FOIA
14 request speaks for itself. Defendant responds that this paragraph contains legal conclusions,
15 to which no response is required. To the extent a response is deemed required, Defendant
16 denies the allegations.

17      102.   Answering paragraph 102, Defendant responds that said paragraph contains
18 Plaintiff's characterizations of a letter to which no response is required. The letter speaks
19 for itself. To the extent a response is deemed required, Defendant denies the allegations.

20      103.   Answering paragraph 103, Defendant responds that said paragraph contains
21 Plaintiff's characterizations of a letter to which no response is required. The letter speaks
22 for itself. To the extent a response is deemed required, Defendant denies the allegations.

23      104.   Answering paragraph 104, Defendant responds that said paragraph contains
24 Plaintiff's characterizations of a letter to which no response is required. The letter speaks
25 for itself. To the extent a response is deemed required, Defendant denies the allegations.

26      105.   Answering paragraph 105, Defendant responds that said paragraph contains
27 Plaintiff's characterizations of a letter to which no response is required. The letter speaks
28 for itself. To the extent a response is deemed required, Defendant denies the allegations.

106.   Answering paragraph 106, Defendant responds that said paragraph contains Plaintiff's characterizations of a letter to which no response is required.  The letter speaks for itself. To the extent a response is deemed required, Defendant denies the allegations.

### PLAINTIFF'S CLAIMS FOR RELIEF: VIOLATIONS OF FOIA

107.   Defendant re-alleges and incorporates by refence all preceding paragraphs.

108.   Answering paragraph 108, Defendant denies the allegations.

109.   Answering paragraph 109, Defendant denies the allegations.

### PLAINTIFF'S PRAYER FOR RELIEF

Answering Plaintiff's Prayer for Relief, the remainder of the Amended Complaint consists of Plaintiff's prayer for relief to which no response is required.  To the extent a response is required, Defendant responds that Plaintiff is not entitled to any of the relief requested.

### DEFENSES

All allegations not expressly admitted are denied.  Moreover, Defendant raises the following defenses to Plaintiff's allegations:

### FIRST DEFENSE

Plaintiff is not entitled to attorneys' fees because Plaintiff has not substantially prevailed.

### SECOND DEFENSE

Plaintiff's first cause of action is moot, as Defendant provided an initial agency decision on December 22, 2020, to Plaintiff regarding the Request.

### THIRD DEFENSE

Any information that Defendant has withheld, or will withhold, in response to Plaintiff's Requests may be exempt in whole or in part from public disclosure under the FOIA, 5 U.S.C. § 552 *et seq*.

### FOURTH DEFENSE

The Court lacks jurisdiction over any matter to the extent Plaintiff failed to satisfy prerequisites to suit, as well as over any requests or allegations that are not contained in a

FOIA request at issue in this action, and over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

### FIFTH DEFENSE

Plaintiff is not eligible nor entitled to attorney's fees under 5 U.S.C. § 552(a)(4)(E).

### SIXTH DEFENSE

Defendant complied with the FOIA. Defendants have not improperly withheld any records under the FOIA. At all times alleged in the Amended Complaint, Defendant acted with good faith, with justification, with due diligence, and pursuant to authority.

### SEVENTH DEFENSE

Defendant is entitled to appropriate fees for its searches and responses to Plaintiff's Requests in accordance with applicable law.

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known through the course of the litigation.

Wherefore, Defendant respectfully requests that this Court enter a judgment in its favor, dismiss Plaintiff's Complaint with prejudice, and grant such other relief as is deemed just and proper.

DATED: June 14, 2021                        Respectfully submitted,

RANDY S. GROSSMAN
Acting United States Attorney

KATHERINE L. PARKER
Assistant United States Attorney

*s/Rebecca G. Church*
REBECCA G. CHURCH
Assistant United States Attorney
Attorneys for Defendant