# EXHIBIT B

NOL-000356

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| FOIA Request No. | Bates Numbers (Decl. Gowins - Bellamy, Exhibit 7 & 37) | Type of Document | FOIA Exemption | Redaction Description | Redaction Explanation |
|---|---|---|---|---|---|
| 21-00078-FOIA | 001-002 | Emailed FOIA requests from private third parties to VA OIG FOIA-PA Subject "[EXTERNAL] FOIA" | (b)(6) | Redacted in Part – Personally identifying information of non-VA employees, consisting of names, email addresses, direct telephone extensions or cell phone numbers. | The individuals here have a privacy interest in the information redacted. There is no public interest in the disclosure of this information; disclosure of individual non-government employee names and addresses, for example, would not add to the public's understanding of how the government conducts its business or shed light on how VA accomplishes its mission. Accordingly, the privacy interest outweighs the public interest with respect to these individuals. |
| 21-00078-FOIA | 003-004 | Mailed FOIA request from VA employee | (b)(6) | Redacted in Part – Personally identifying information regarding a VA employee consisting of name, signature, phone number and address (Title: Executive Assistant, GS-14 according to federalpay.org), and a VA OIG investigator (no longer with VA OIG) consisting of name. | The individuals here have a privacy interest in the information redacted. The VA employee maintains an administrative or low-level career position and revealed in the FOIA request that they had been under investigation which means the release of their identity could be especially harmful. The VA OIG investigator maintained an administrative or low-level career position. Neither employee is responsible for decision-making on agency policy. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. There |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | is no public interest in the disclosure of this information; disclosure of individual names or addresses, for example, would not add to the public's understanding of how the government conducts its business or shed light on how VA OIG accomplishes its mission. Accordingly, the privacy interest outweighs the public interest with respect to these individuals. |
|---|---|---|---|---|---|
| FOIA Request No. | Bates Numbers | Type of Document | FOIA Exemption | Redaction Description | Redaction Explanation |
| 21-00078-FOIA | 005-009 | FOIA requests from Plaintiff | | Released in Full | |
| 21-00078-FOIA | 010-031 | FOIA production to third party in 2015 | | Released in Full | |
| 21-00065-FOIA | 010-016 | Internal emails between Catherine Gromek and IG Missal and others; Subject "FW: VA OIG Information" dated Feb 25 2020 and "RE: VA OIG Information" dated Jan 15 2020. Email from private third-party complainant, Subject "[EXTERNAL] Another VA coverup exposed…" | (b)(6) | Redacted in Part - Personally identifying information regarding VA OIG employees consisting of email addresses; personally identifying information regarding private third parties consisting of email addresses and the names of individuals reporting allegations or making complaints to the Inspector General. | The individuals here have a privacy interest in the information redacted. There is no public interest in the disclosure of this information; disclosure of individual non-government employee names and addresses, and disclosure of an individual non-government employee's name, for example, would not add to the public's understanding of how the government conducts its business or shed light on how VA OIG accomplishes its mission. VA OIG employees have substantial privacy interests in their email addresses. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | dated Dec 23 2019. | | | Accordingly, the privacy interest outweighs the public interest with respect to these individuals. |
| 21-00065-FOIA | 017-023 | Internal emails – from Catherine Gromek to IG Missal and others, Subject: "Stars and Stripes – Byrne" and "Takano Statement – Byrne removal;" From IG Missal to Lisa Rein, Subject: "Responses to the Hill." | (b)(6) | Personally identifying information regarding VA OIG employees, and private third parties, consisting of one name of a VA OIG employee (GS 14, Congressional Relations Specialist) and email addresses. | The individuals here have a privacy interest in the information redacted. There is no public interest in the disclosure of this information; disclosure of third party and government employee email addresses, for example, would not add to the public's understanding of how the government conducts its business or shed light on how VA accomplishes its mission. The VA OIG employee has a substantial privacy interest in their name because they are a low-level employee who is not responsible for decision making on agency policy. VA OIG employees have substantial privacy interests in their email addresses. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals. |
| 21-00065-FOIA | 024-037 | Letters from Mr. Missal to various Senators | N/A | Released in Full | |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| 21-00114 | 000038 - 001339 | Records originated from VBA and OGC and referred to VBA and OGC for processing and release. | N/A | | |
| --- | --- | --- | --- | --- | --- |
| 21-00114 | 001340 - 001543 | Various records collected by investigator related to allegations. | N/A | Released in Full – any redactions present in the records were received by the investigator with redactions. VA OIG FOIA did not add any redactions. | |
| 21-00114 | 001544 - 001558 and 001565 - 001773 | Various records collected by investigator related to background information. | N/A | Released in Full. | |
| 21-00114 | 001559 - 001564 | Thoughts and notes of VA OIG employee. | b(5) | Withheld in Full. These five pages contain the thoughts and notes of a VA OIG employee to upper-level VA OIG officials about proposed actions regarding the investigation. These thoughts were communicated in April 2021, within VA OIG only, and prior to the publication of VA OIG report # 21-02076-119 on March 24, 2022. | The redacted material is pre-decisional and none of this information reflects final agency decisions. The release of the redacted information would negatively impact the ability of employees and government counsel to openly and frankly consider agency issues and options among themselves, prior to final decision-making by their agency superiors. Agency employees must be free to have internal discussions and offer opinions regarding agency policy without fear that their deliberative communications will be released. Employees must be able to fully and frankly discuss agency business to ensure that agency action that is ultimately taken is based on a full and fair |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | representation of the overall circumstances and scenario.<br><br>These internal communications reflect deliberations comprising part of a process by which governmental decisions and policies are formulated. Release of these communications would chill the employees' ability to freely discuss agency issues, which is harmful to a comprehensive agency-decision-making process generally. Further, release could result in premature disclosure of policy being considered without the full context of the agency decision-making process, which could lead to miscomprehension of agency action. Lastly, release of these intra-agency communications that occurred prior to final agency action could result in public confusion about the basis for the agency's action in that it would reveal information that perhaps was not ultimately the basis for agency action. Release of information under the foregoing circumstances not only harms the agency decision-making process but the ability of the agency to conduct its business and make the best determination possible based on a thorough consideration of the issues. |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| 21-00114 | 001774 - 002982 | Various records collected by investigator related to legal authority. | N/A | Released in Full. | |
|---|---|---|---|---|---|
| 21-00114 | 002987 and 002996 | Email dated 7 April 2021 from April Cunningham to Teri McClelland. | b(6) b(5) | Redacted in Part - Personally identifying information regarding VA employees consisting of email addresses and phone numbers. One paragraph containing thoughts and recommendations of a VA employee. These thoughts were communicated within the agency only prior to the publication of VA OIG report # 21-02076-119 on March 24, 2022. | The individuals here have a privacy interest in the information redacted. There is no public interest in the disclosure of this information; disclosure of government employee email addresses, for example, would not add to the public's understanding of how the government conducts its business or shed light on how VA accomplishes its mission. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals.

The redacted material is pre-decisional and none of this information reflects final agency decisions. The release of the redacted information would negatively impact the ability of employees and government counsel to openly and frankly consider agency issues and options among themselves, prior to final decision-making by their agency superiors. Agency employees must be free to have internal discussions and offer opinions regarding agency policy without fear that their deliberative |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | communications will be released.  Employees must be able to fully and frankly discuss agency business to ensure that agency action that is ultimately taken is based on a full and fair representation of the overall circumstances and scenario.<br><br>These internal communications reflect deliberations comprising part of a process by which governmental decisions and policies are formulated.  Release of these communications would chill the employees' ability to freely discuss agency issues, which is harmful to a comprehensive agency-decision-making process generally.  Further, release could result in premature disclosure of policy being considered without the full context of the agency decision-making process, which could lead to miscomprehension of agency action.  Lastly, release of these intra-agency communications that occurred prior to final agency action could result in public confusion about the basis for the agency's action in that it would reveal information that perhaps was not ultimately the basis for agency action.  Release of information under the foregoing circumstances not only harms the agency decision-making process but the ability of the agency to conduct its business and make the best determination possible based on a thorough consideration of the issues. |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| 21-00114 | 002983 - 002986 and 002988 002997 003000 003001 003002 003003 | Various emails related to the VA Education Service | b(6) | Personally identifying information regarding VA employees consisting of email addresses and phone numbers. | The individuals here have a privacy interest in the information redacted. There is no public interest in the disclosure of this information; disclosure of government employee email addresses, for example, would not add to the public's understanding of how the government conducts its business or shed light on how VA accomplishes its mission. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals. |
|---|---|---|---|---|---|
| 21-00114 | 002989 - 002995 | News article about Sen. Grassley | N/A | Released in Full. | |
| 21-00114 | 002998 - 003003 | Email chain dated June 30, 2021<br><br>Email chain dated June 29, 2021 | b(6) b(5) | Personally identifying information regarding VA employees consisting of email addresses and phone numbers.<br><br>The three paragraphs on 002998 and one paragraph on 002999 contain thoughts and recommendations of a VA employee. These thoughts were communicated within | The individuals here have a privacy interest in the information redacted. There is no public interest in the disclosure of this information; disclosure of government employee email addresses, for example, would not add to the public's understanding of how the government conducts its business or shed light on how VA accomplishes its mission. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | the agency only prior to the publication of VA OIG report # 21-02076-119 on March 24, 2022. | assigned functions and identity theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals. |
|---|---|---|---|---|---|
| | | | | | The redacted material is pre-decisional and none of this information reflects final agency decisions. The release of the redacted information would negatively impact the ability of employees and government counsel to openly and frankly consider agency issues and options among themselves, prior to final decision-making by their agency superiors.  Agency employees must be free to have internal discussions and offer opinions regarding agency policy without fear that their deliberative communications will be released.  Employees must be able to fully and frankly discuss agency business to ensure that agency action that is ultimately taken is based on a full and fair representation of the overall circumstances and scenario. |
| | | | | | These internal communications reflect deliberations comprising part of a process by which governmental decisions and policies are formulated.  Release of these communications would chill the employees' ability to freely discuss agency issues, which is harmful to a comprehensive agency-decision-making process generally.  Further, release could result in premature disclosure of policy being considered without |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | the full context of the agency decision-making process, which could lead to miscomprehension of agency action.  Lastly, release of these intra-agency communications that occurred prior to final agency action could result in public confusion about the basis for the agency's action in that it would reveal information that perhaps was not ultimately the basis for agency action.  Release of information under the foregoing circumstances not only harms the agency decision-making process but the ability of the agency to conduct its business and make the best determination possible based on a thorough consideration of the issues. |
| 21-00114 | 003004 - 003491 | Records originated from OGC and referred to OGC for processing and release. | N/A | | |
| 21-00114 | 003492 - 004246 | Records obtained from third party VES (Veterans Education Success) via OIG subpoena | b(4) b(6) | The explanation and justification for all b(4) redactions is provided in attachment A, within correspondence from VES attorneys (See exhibits 42 and 43).  Personally identifying information regarding VA employees and third parties consisting of names, email addresses and phone numbers. | The individuals here have a privacy interest in the information redacted. There is no public interest in the disclosure of this information; disclosure of government employee email addresses, for example, would not add to the public's understanding of how the government conducts its business or shed light on how VA accomplishes its mission. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | These records were submitted to OIG pursuant to a subpoena and were received by OIG with some redactions in place. Therefore, OIG is unable to describe those redacted portions. Those redactions can be distinguished because they do not contain exemption labels. | theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals. |
|---|---|---|---|---|---|
| 21-00114 | 004247 - 004649 | Records obtained from third party Evocati, LLC via OIG subpoena | b(4) b(6) | The explanation and justification for all b(4) redactions is provided in attachment B, within correspondence from Evocati, LLC attorneys (See Exhibit 41). Personally identifying information regarding VA employees and third parties consisting of names, email addresses and phone numbers. These records were submitted to OIG pursuant to a subpoena and were received by OIG with some redactions in place. Therefore, OIG is unable to describe those redacted portions. Those redactions can be distinguished because they do not contain exemption labels. | The individuals here have a privacy interest in the information redacted. There is no public interest in the disclosure of this information; disclosure of government employee email addresses, for example, would not add to the public's understanding of how the government conducts its business or shed light on how VA accomplishes its mission. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals. |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| 21-00114 | 004650 - 004651 | Interview Garrity Warnings | N/A | Released in full. | |
|---|---|---|---|---|---|
| 21-00114 | 004652 - 004666 | Multiple emails within VA related to OIG's limited inquiry into the five schools decision and related to the later investigation resulting in report #21-02076-119. | b(5) b(6) | Portions of emails containing thoughts and recommendations of VA and VA OIG employees. These thoughts were communicated within the agency only and prior to the publication of VA OIG report # 21-02076-119 on March 24, 2022.

Personally identifying information regarding VA employees consisting of names, email addresses and phone numbers. | The redacted material is pre-decisional and none of this information reflects final agency decisions. The release of the redacted information would negatively impact the ability of employees and government counsel to openly and frankly consider agency issues and options among themselves, prior to final decision-making by their agency superiors.  Agency employees must be free to have internal discussions and offer opinions regarding agency policy without fear that their deliberative communications will be released.  Employees must be able to fully and frankly discuss agency business to ensure that agency action that is ultimately taken is based on a full and fair representation of the overall circumstances and scenario.

These internal communications reflect deliberations comprising part of a process by which governmental decisions and policies are formulated.  Release of these communications would chill the employees' ability to freely discuss agency issues, which is harmful to a comprehensive agency-decision-making process generally.  Further, release could |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | result in premature disclosure of policy being considered without the full context of the agency decision-making process, which could lead to miscomprehension of agency action.  Lastly, release of these intra-agency communications that occurred prior to final agency action could result in public confusion about the basis for the agency's action in that it would reveal information that perhaps was not ultimately the basis for agency action.  Release of information under the foregoing circumstances not only harms the agency decision-making process but the ability of the agency to conduct its business and make the best determination possible based on a thorough consideration of the issues. |
| | | | | | The individuals here have a privacy interest in the information redacted. There is no public interest in the disclosure of this information; disclosure of government employee email addresses, for example, would not add to the public's understanding of how the government conducts its business or shed light on how VA accomplishes its mission. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest outweighs the public |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | interest with respect to these individuals. |
| 21-00114 | 004667 - 004670 | OIG Workpapers dated 1/11/2022 and 1/6/2022 | b(5) b(6) b(7)(E) | Withheld in part. Portions of OIG investigator's workpapers which were compiled for law enforcement purposes and contain communications to higher officials within OIG to discuss and help them decide on the course of the investigation. Redactions also contain personally identifying information regarding VA employees and witnesses. These thoughts were communicated within the agency only and prior to the publication of VA OIG report # 21-02076-119 on March 24, 2022. Redactions also contain techniques and procedures for OIG investigations. | The redacted material is pre-decisional and none of this information reflects final agency decisions. The release of the redacted information would negatively impact the ability of employees and government counsel to openly and frankly consider agency issues and options among themselves, prior to final decision-making by their agency superiors. Agency employees must be free to have internal discussions and offer opinions regarding agency policy without fear that their deliberative communications will be released. Employees must be able to fully and frankly discuss agency business to ensure that agency action that is ultimately taken is based on a full and fair representation of the overall circumstances and scenario.

These internal communications reflect deliberations comprising part of a process by which governmental decisions and policies are formulated. Release of these communications would chill the employees' ability to freely discuss agency issues, which is harmful to a comprehensive agency-decision-making process generally. Further, release could |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

result in premature disclosure of investigative steps being considered without the full context of the agency decision-making process, which could lead to miscomprehension of agency action.  Lastly, release of these intra-agency communications that occurred prior to final agency action could result in public confusion about the basis for the agency's action in that it would reveal information that perhaps was not ultimately the basis for agency action.  Release of information under the foregoing circumstances not only harms the agency decision-making process but the ability of the agency to conduct its business and make the best determination possible based on a thorough consideration of the issues.

The individuals here have a privacy interest in the information redacted. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals.

These workpapers were compiled for law enforcement purposes. Portions of the workpapers contain information regarding the techniques and procedures used by OIG investigators. This could result in a risk of circumvention of the law and OIG investigations or interference with future

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | enforcement proceedings by intimidating witnesses. The redacted information contains details about electronic stored information search techniques and broader investigation timing techniques. |
| 21-00114 | 004671 - 006834 | Investigation interview transcripts | b(6) b(7)(C) b(7)(E) | Withheld in full. These transcripts are records compiled for law enforcement purposes and disclosure would constitute an unwarranted invasion of personal privacy and would disclose law enforcement techniques and procedures. | These records were compiled for law enforcement purposes. Release of these records could result in interference with future law enforcement proceedings by allowing third parties to intimidate witnesses. In addition, release of these records would constitute an unwarranted invasion of personal privacy for the witnesses and third parties mentioned. Witnesses and third parties have a strong privacy interest in non-disclosure of identifying information and privacy protected information. There is no public interest that overcomes the privacy interests protected here and no compelling evidence that the agency is engaged in illegal activity. Furthermore, these records contain specific information about how VA OIG conducts official investigations, including sequence and manner of questioning, and specific interview methods which are confidential. |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| 21-00114 | 006835 - 006841 | Emails dated April 6, 2021 and April 5, 2021 between OIG employees with communications and deliberations about the investigation | (b)(5) (b)(6) (b)(7)(C) | Withheld in part. Redactions cover deliberative material, attorney client protected material, privacy protected material (consisting of email addresses and phone numbers), and law enforcement information. | The redacted material is pre-decisional and none of the information reflects final agency decisions. The release of the redacted information would negatively impact the ability of employees and government counsel to openly and frankly consider agency issues and options among themselves, prior to final decision-making by their agency superiors. Agency employees must be free to have internal discussions and offer opinions regarding agency investigations and decisions without fear that their deliberative communications will be released. Employees must be able to fully and frankly discuss agency business to ensure that agency action that is ultimately taken is based on a full and fair representation of the overall circumstances and scenario.

These internal communications reflect deliberations comprising part of a process by which governmental decisions and policies are formulated. Release of these communications would chill the employees' ability to freely discuss agency issues, which is harmful to a comprehensive agency-decision-making process generally. Further, release could result in premature disclosure of investigative steps being considered without the full context of the agency decision-making process, which could lead to miscomprehension of agency action. Lastly, release of these |
|---|---|---|---|---|---|

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | intra-agency communications that occurred prior to final agency action could result in public confusion about the basis for the agency's action in that it would reveal information that perhaps was not ultimately the basis for agency action. Release of information under the foregoing circumstances not only harms the agency decision-making process but the ability of the agency to conduct its business and make the best determination possible based on a thorough consideration of the issues.<br><br>The individuals here have a privacy interest in the information redacted. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals.<br><br>Portions of these records contain law enforcement information and disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Witnesses and third parties have a strong privacy interest in non-disclosure of identifying information and privacy protected information. There is no public interest that overcomes the privacy interests protected here and no compelling evidence that the agency is engaged in illegal activity. |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | |
| 21-00114 | 006842 - 006868 | Online articles about VES and VA Education and letter from VES to Charmain Bogue | N/A | Released in full. | |
| 21-00114 | 006869 - 006873 | Emails between OIG Investigator and other OIG personnel regarding the investigation, dated April 7 2021 and April 6 2021. | (b)(5) (b)(6) (b)(7)(C) | Withheld in part. Redactions cover deliberative material, attorney client protected material, privacy protected material (consisting of email addresses and phone numbers), and law enforcement information. | The redacted material is pre-decisional and none of the information reflects final agency decisions. The release of the redacted information would negatively impact the ability of employees and government counsel to openly and frankly consider agency issues and options among themselves, prior to final decision-making by their agency superiors.  Agency employees must be free to have internal discussions and offer opinions regarding agency investigations and decisions without fear that their deliberative communications will be released.  Employees must be able to fully and frankly discuss agency business to ensure that agency action that is ultimately taken is based on a full and fair representation of the overall circumstances and scenario.

These internal communications reflect deliberations comprising part of a process by which |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | governmental decisions and policies are formulated.  Release of these communications would chill the employees' ability to freely discuss agency issues, which is harmful to a comprehensive agency-decision-making process generally.  Further, release could result in premature disclosure of investigative steps being considered without the full context of the agency decision-making process, which could lead to miscomprehension of agency action.  Lastly, release of these intra-agency communications that occurred prior to final agency action could result in public confusion about the basis for the agency's action in that it would reveal information that perhaps was not ultimately the basis for agency action.  Release of information under the foregoing circumstances not only harms the agency decision-making process but the ability of the agency to conduct its business and make the best determination possible based on a thorough consideration of the issues. <br><br> The individuals here have a privacy interest in the information redacted. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals. |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Portions of these records contain law enforcement information and disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Witnesses and third parties have a strong privacy interest in non-disclosure of identifying information and privacy protected information. There is no public interest that overcomes the privacy interests protected here and no compelling evidence that the agency is engaged in illegal activity. |
| 21-00114 | 006874 - 006875 | Email from Charmain Bogue to OIG investigator dated April 16, 2021. | (b)(5) (b)(6) (b)(7)(C) | Withheld in part. Redactions cover deliberative material (responses to questions asked by OIG investigator), privacy protected material (consisting of an email address and identifying information regarding third parties and witnesses), and law enforcement information. | The redacted material is pre-decisional and none of the information reflects final agency decisions. The release of the redacted information would negatively impact the ability of employees and government counsel to openly and frankly consider agency issues and options among themselves, prior to final decision-making by their agency superiors. Agency employees must be free to have internal discussions and offer opinions regarding agency investigations and decisions without fear that their deliberative communications will be released. Employees must be able to fully and frankly discuss agency business to ensure that agency action that is ultimately taken is based on a full and fair representation of the overall circumstances and scenario.<br><br>These internal communications reflect deliberations comprising |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | part of a process by which governmental decisions and policies are formulated. Release of these communications would chill the employees' ability to freely discuss agency issues, which is harmful to a comprehensive agency-decision-making process generally. Further, release could result in premature disclosure of investigative steps being considered without the full context of the agency decision-making process, which could lead to miscomprehension of agency action. Lastly, release of these intra-agency communications that occurred prior to final agency action could result in public confusion about the basis for the agency's action in that it would reveal information that perhaps was not ultimately the basis for agency action. Release of information under the foregoing circumstances not only harms the agency decision-making process but the ability of the agency to conduct its business and make the best determination possible based on a thorough consideration of the issues.<br><br>The individuals here have a privacy interest in the information redacted. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals. |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Portions of these records contain law enforcement information and disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Witnesses and third parties have a strong privacy interest in non-disclosure of identifying information and privacy protected information. There is no public interest that overcomes the privacy interests protected here and no compelling evidence that the agency is engaged in illegal activity. |
| 21-00114 | 006876 - 006964 | VA Media Summary and News Clips and related online articles | N/A | Released in full. | |
| 21-00114 | 006965 - 006970 | Emails between OIG investigator and various witnesses and OIG staff dated April 21, April 9, April 22, April 16, April 23, April 10 and April 27, 2021. | (b)(5) (b)(6) (b)(7)(C) | Withheld in part. Redactions cover deliberative material, privacy protected material (consisting of email addresses and phone numbers), and law enforcement information. | The redacted material is pre-decisional and none of the information reflects final agency decisions. The release of the redacted information would negatively impact the ability of employees and government counsel to openly and frankly consider agency issues and options among themselves, prior to final decision-making by their agency superiors. Agency employees must be free to have internal discussions and offer opinions regarding agency investigations and decisions without fear that their deliberative communications will be released. Employees must be |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

able to fully and frankly discuss agency business to ensure that agency action that is ultimately taken is based on a full and fair representation of the overall circumstances and scenario.

These internal communications reflect deliberations comprising part of a process by which governmental decisions and policies are formulated. Release of these communications would chill the employees' ability to freely discuss agency issues, which is harmful to a comprehensive agency-decision-making process generally. Further, release could result in premature disclosure of investigative steps being considered without the full context of the agency decision-making process, which could lead to miscomprehension of agency action. Lastly, release of these intra-agency communications that occurred prior to final agency action could result in public confusion about the basis for the agency's action in that it would reveal information that perhaps was not ultimately the basis for agency action. Release of information under the foregoing circumstances not only harms the agency decision-making process but the ability of the agency to conduct its business and make the best determination possible based on a thorough consideration of the issues.

The individuals here have a privacy interest in the information

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | redacted. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals.<br><br>Portions of these records contain law enforcement information and disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Witnesses and third parties have a strong privacy interest in non-disclosure of identifying information and privacy protected information. There is no public interest that overcomes the privacy interests protected here and no compelling evidence that the agency is engaged in illegal activity. |
| 21-00114 | 006971 - 006988 | Various online articles. | N/A | Released in full. | |
| 21-00114 | 006989 - 006991 | Emails from OIG investigator to possible witnesses. | (b)(6) (b)(7)(C) | Withheld in part. Redacted material consists of privacy protected information, consisting of names, email addresses and phone numbers. | The individuals here have a privacy interest in the information redacted. There is no public interest in the disclosure of this information; disclosure of third party and government employee email addresses, for example, would not add to the public's understanding of how the government conducts its business or shed light on how VA accomplishes its mission. VA |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | OIG employees have substantial privacy interests in their email addresses. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals.<br><br>Portions of these records contain privacy protected law enforcement information and disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Witnesses and third parties have a strong privacy interest in non-disclosure of identifying information and privacy protected information. There is no public interest that overcomes the privacy interests protected here and no compelling evidence that the agency is engaged in illegal activity. |
| 21-00114 | 006992 - 007001 | Various online articles. | N/A | Released in full. | |
| 21-00114 | 007002 - 007004 | Emails related to investigation dated July 28 2021 and March 9, 2020. | (b)(6)<br>(b)(7)(C) | Withheld in part. Redacted material consists of privacy protected information, consisting of names, email addresses and phone numbers. | The individuals here have a privacy interest in the information redacted. There is no public interest in the disclosure of this information; disclosure of third party and government employee email addresses, for example, would not add to the public's understanding of how the |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | government conducts its business or shed light on how VA accomplishes its mission. VA OIG employees have substantial privacy interests in their email addresses. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals.<br><br>Portions of these records contain privacy protected law enforcement information and disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Witnesses and third parties have a strong privacy interest in non-disclosure of identifying information and privacy protected information. There is no public interest that overcomes the privacy interests protected here and no compelling evidence that the agency is engaged in illegal activity. |
| 21-00114 | 007005 | VES letter | (b)(6) | Withheld in part. The name of a private third party is redacted. | The individual here has a privacy interest in the information redacted. There is no public interest in the disclosure of this information; disclosure of third party names, for example, would not add to the public's understanding of how the government conducts its business or shed light on how VA accomplishes its mission. Disclosure of this information could subject this individual to the risk of annoyance and |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals. |
| 21-00114 | 007006 - 007013 | VES letter | N/A | Released in full. | |
| 21-00114 | 007014 - 007016 | Emails between Charmain Bogue, her attorney and the OIG investigator dated August 27, August 10, and August 2, 2021. | (b)(5) (b)(6) (b)(7)(C) | Withheld in part. Redactions cover deliberative material, privacy protected material (consisting of email addresses and phone numbers), and law enforcement information. | The redacted material is pre-decisional and none of the information reflects final agency decisions. The release of the redacted information would negatively impact the ability of employees and government counsel to openly and frankly consider agency issues and options among themselves, prior to final decision-making by their agency superiors.  Agency employees must be free to have internal discussions and offer opinions regarding agency investigations and decisions without fear that their deliberative communications will be released.  Employees must be able to fully and frankly discuss agency business to ensure that agency action that is ultimately taken is based on a full and fair representation of the overall circumstances and scenario.  These internal communications reflect deliberations comprising part of a process by which |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | governmental decisions and policies are formulated.  Release of these communications would chill the employees' ability to freely discuss agency issues, which is harmful to a comprehensive agency-decision-making process generally.  Further, release could result in premature disclosure of investigative steps being considered without the full context of the agency decision-making process, which could lead to miscomprehension of agency action.  Lastly, release of these intra-agency communications that occurred prior to final agency action could result in public confusion about the basis for the agency's action in that it would reveal information that perhaps was not ultimately the basis for agency action.  Release of information under the foregoing circumstances not only harms the agency decision-making process but the ability of the agency to conduct its business and make the best determination possible based on a thorough consideration of the issues.<br><br>The individuals here have a privacy interest in the information redacted. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals. |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | Portions of these records contain law enforcement information and disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Witnesses and third parties have a strong privacy interest in non-disclosure of identifying information and privacy protected information. There is no public interest that overcomes the privacy interests protected here and no compelling evidence that the agency is engaged in illegal activity. |
|---|---|---|---|---|---|
| 21-00114 | 007017 - 007052 | VES articles and letters. | N/A | Released in full. | |
| 21-00114 | 007053 - 007055 | Emails between OIG investigator and OIG personnel related to investigation and evidence collection dated April 19 and April 16, 2021. | (b)(6) (b)(7)(C) | Withheld in part. Redacted material consists of privacy protected information, consisting of names, email addresses and phone numbers. | The individuals here have a privacy interest in the information redacted. There is no public interest in the disclosure of this information; disclosure of third party and government employee email addresses, for example, would not add to the public's understanding of how the government conducts its business or shed light on how VA accomplishes its mission. VA OIG employees have substantial privacy interests in their email addresses. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | outweighs the public interest with respect to these individuals.<br><br>Portions of these records contain privacy protected law enforcement information and disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Witnesses and third parties have a strong privacy interest in non-disclosure of identifying information and privacy protected information. There is no public interest that overcomes the privacy interests protected here and no compelling evidence that the agency is engaged in illegal activity. |
| 21-00114 | 007056 - 007076 | VES report. | N/A | Released in full. | |
| 21-00114 | 007077 - 007080 | Emails between OIG investigator and Charmain Bogue and VA Memorandum dated Nov 20 2018 and a Memorandum dated November 2018. | (b)(5)<br>(b)(6)<br>(b)(7)(C) | Withheld in part. Redactions cover deliberative material, privacy protected material (consisting of email addresses and phone numbers), and law enforcement information. | The redacted material is pre-decisional and none of the information reflects final agency decisions. The release of the redacted information would negatively impact the ability of employees and government counsel to openly and frankly consider agency issues and options among themselves, prior to final decision-making by their agency superiors. Agency employees must be free to have internal discussions and offer opinions regarding agency investigations and decisions without fear that their deliberative communications will be |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | released. Employees must be able to fully and frankly discuss agency business to ensure that agency action that is ultimately taken is based on a full and fair representation of the overall circumstances and scenario.<br><br>These internal communications reflect deliberations comprising part of a process by which governmental decisions and policies are formulated. Release of these communications would chill the employees' ability to freely discuss agency issues, which is harmful to a comprehensive agency-decision-making process generally. Further, release could result in premature disclosure of investigative steps being considered without the full context of the agency decision-making process, which could lead to miscomprehension of agency action. Lastly, release of these intra-agency communications that occurred prior to final agency action could result in public confusion about the basis for the agency's action in that it would reveal information that perhaps was not ultimately the basis for agency action. Release of information under the foregoing circumstances not only harms the agency decision-making process but the ability of the agency to conduct its business and make the best determination possible based on a thorough consideration of the issues. |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | The individuals here have a privacy interest in the information redacted. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals.<br><br>Portions of these records contain law enforcement information and disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Witnesses and third parties have a strong privacy interest in non-disclosure of identifying information and privacy protected information. There is no public interest that overcomes the privacy interests protected here and no compelling evidence that the agency is engaged in illegal activity. |
| 21-00114 | 007081 - 007103 | Various online articles. | N/A | Released in full. | |
| 21-00114 | 007104 | Email from OIG investigator requesting records dated October 7, 2021. | (b)(6) (b)(7)(C) | Withheld in part. Redactions include privacy protected material (consisting of names, email addresses and phone numbers), and law enforcement information. | The individuals here have a privacy interest in the information redacted. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | outweighs the public interest with respect to these individuals.<br><br>Portions of these records contain law enforcement information and disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Witnesses and third parties have a strong privacy interest in non-disclosure of identifying information and privacy protected information. There is no public interest that overcomes the privacy interests protected here and no compelling evidence that the agency is engaged in illegal activity. |
| 21-00114 | 007105 | Org chart | N/A | Released in full. | |
| 21-00114 | 007106 | Email announcing executive and senior appointments dated April 23, 2021. | (b)(6) | Withheld in part. The redactions over the attachment name was done in error – the names are "image001.png" and "image002.png." The only other redaction on this page is the name of a VA employee. | The individuals here have a privacy interest in the information redacted. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals. |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| 21-00114 | 007107 - 007109 | Email attachment and print outs from Twitter. | N/A | Released in full. | |
|---|---|---|---|---|---|
| 21-00114 | 007110 - 007111 | Email with subject "Sen Grassley" dated April 6 2021 and print out from VA address book. | (b)(5) (b)(6) | Withheld in part. Redactions cover deliberative material and privacy protected material (consisting of names, an image, email addresses and phone numbers). | The redacted material is pre-decisional and none of the information reflects final agency decisions. The release of the redacted information would negatively impact the ability of employees and government counsel to openly and frankly consider agency issues and options among themselves, prior to final decision-making by their agency superiors.  Agency employees must be free to have internal discussions and offer opinions regarding agency investigations and decisions without fear that their deliberative communications will be released.  Employees must be able to fully and frankly discuss agency business to ensure that agency action that is ultimately taken is based on a full and fair representation of the overall circumstances and scenario.

These internal communications reflect deliberations comprising part of a process by which governmental decisions and policies are formulated.  Release of these communications would chill the employees' ability to freely discuss agency issues, which is harmful to a comprehensive agency-decision-making process |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

|  |  |  |  |  | generally.  Further, release could result in premature disclosure of investigative steps being considered without the full context of the agency decision-making process, which could lead to miscomprehension of agency action.  Lastly, release of these intra-agency communications that occurred prior to final agency action could result in public confusion about the basis for the agency's action in that it would reveal information that perhaps was not ultimately the basis for agency action.  Release of information under the foregoing circumstances not only harms the agency decision-making process but the ability of the agency to conduct its business and make the best determination possible based on a thorough consideration of the issues.<br><br>The individuals here have a privacy interest in the information redacted. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals. |
|---|---|---|---|---|---|

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| 21-00114 | 007112 - 007125 | Various online articles. | N/A | Released in full. | |
|---|---|---|---|---|---|
| 21-00114 | 007126 - 007128 | Various emails from OIG investigator related to obtaining interviews with witnesses. | (b)(5) (b)(6) (b)(7)(C) | Withheld in part. Redactions cover deliberative material, privacy protected material (consisting of email addresses, third party names, and phone numbers), and law enforcement information. | The redacted material is pre-decisional and none of the information reflects final agency decisions. The release of the redacted information would negatively impact the ability of employees and government counsel to openly and frankly consider agency issues and options among themselves, prior to final decision-making by their agency superiors. Agency employees must be free to have internal discussions and offer opinions regarding agency investigations and decisions without fear that their deliberative communications will be released. Employees must be able to fully and frankly discuss agency business to ensure that agency action that is ultimately taken is based on a full and fair representation of the overall circumstances and scenario.

These internal communications reflect deliberations comprising part of a process by which governmental decisions and policies are formulated. Release of these communications would chill the employees' ability to freely discuss agency issues, which is harmful to a comprehensive agency-decision-making process |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | generally.  Further, release could result in premature disclosure of investigative steps being considered without the full context of the agency decision-making process, which could lead to miscomprehension of agency action.  Lastly, release of these intra-agency communications that occurred prior to final agency action could result in public confusion about the basis for the agency's action in that it would reveal information that perhaps was not ultimately the basis for agency action.  Release of information under the foregoing circumstances not only harms the agency decision-making process but the ability of the agency to conduct its business and make the best determination possible based on a thorough consideration of the issues.<br><br>The individuals here have a privacy interest in the information redacted. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals.<br><br>Portions of these records contain law enforcement information and disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Witnesses and third parties have a strong privacy interest in non-disclosure of |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | identifying information and privacy protected information. There is no public interest that overcomes the privacy interests protected here and no compelling evidence that the agency is engaged in illegal activity. |
| 21-00114 | 007129 - 007145 | Various online articles. | N/A | Released in full. | |
| 21-00114 | 007146 | Email: "Courtesy Notification: VBA headquarters realignment" no date. | (b)(6) | Withheld in part. Redactions cover privacy protected material (consisting of email addresses and phone numbers). | The individuals here have a privacy interest in the information redacted. There is no public interest in the disclosure of this information; disclosure of third party and government employee email addresses, for example, would not add to the public's understanding of how the government conducts its business or shed light on how VA accomplishes its mission. VA OIG employees have substantial privacy interests in their email addresses. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals. |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| 21-00114 | 007147 - 007151 | VA announcement and org chart. | N/A | Released in full. | |
|---|---|---|---|---|---|
| 21-00114 | 007152 - 007179 | Emails between OIG investigator and Charmain Bogue and her counsel related to investigation. | (b)(6) (b)(7)(C) | Withheld in part. Redactions include privacy protected material (consisting of names, email addresses and phone numbers), and law enforcement information. | The individuals here have a privacy interest in the information redacted. There is no public interest in the disclosure of this information; disclosure of third party and government employee email addresses, for example, would not add to the public's understanding of how the government conducts its business or shed light on how VA accomplishes its mission. VA OIG employees have substantial privacy interests in their email addresses. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals.

Portions of these records contain law enforcement information and disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Witnesses and third parties have a strong privacy interest in non-disclosure of identifying information and privacy protected information. There is no public interest that overcomes the privacy interests protected here and no compelling |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | evidence that the agency is engaged in illegal activity. |
| 21-00114 | 007180 - 007181 | VA wide email. | N/A | Released in full. | |
| 21-00114 | 007182 - 007184 | Emails dated January 6, 2022; January 12, 2022; January 5, 2022 between OIG investigator and other personnel. | (b)(6) (b)(7)(C) | Withheld in part. Redactions include privacy protected material (consisting of names, email addresses and phone numbers), and law enforcement information. | The individuals here have a privacy interest in the information redacted. There is no public interest in the disclosure of this information; disclosure of third party and government employee email addresses, for example, would not add to the public's understanding of how the government conducts its business or shed light on how VA accomplishes its mission. VA OIG employees have substantial privacy interests in their email addresses. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals.

Portions of these records contain law enforcement information and disclosure could reasonably be expected to constitute an unwarranted invasion of personal |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | privacy. Witnesses and third parties have a strong privacy interest in non-disclosure of identifying information and privacy protected information. There is no public interest that overcomes the privacy interests protected here and no compelling evidence that the agency is engaged in illegal activity. |
| 21-00114 | 007185 - 007204 | VBA print out. | N/A | Released in full. | |
| 21-00114 | 007205 - 007207 | Emails between OIG investigator and counsel for witnesses, dated January 28, 2022; December 16, 2021; December 15, 2021. | (b)(6) (b)(7)(C) | Withheld in part. Redactions include privacy protected material (consisting of names, email addresses and phone numbers), and law enforcement information. | The individuals here have a privacy interest in the information redacted. There is no public interest in the disclosure of this information; disclosure of third party and government employee email addresses, for example, would not add to the public's understanding of how the government conducts its business or shed light on how VA accomplishes its mission. VA OIG employees have substantial privacy interests in their email addresses. Disclosure of this information could subject these individuals to the risk of annoyance and harassment in performing their assigned functions and identity theft. Accordingly, the privacy interest outweighs the public interest with respect to these individuals. Portions of these records contain law enforcement information and |

Vaughn Index – Office of Inspector General, Department of Veterans Affairs
*Pomares v. Department of Veterans Affairs, et al.*
Civil Action No. 21-cv-00084-H-MSB, U. S. District Court, Southern District of California

| | | | | | |
|---|---|---|---|---|---|
| | | | | | disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy. Witnesses and third parties have a strong privacy interest in non-disclosure of identifying information and privacy protected information. There is no public interest that overcomes the privacy interests protected here and no compelling evidence that the agency is engaged in illegal activity. |
| 21-00114 | 007208 - 007227 | Statement for Senate Committee | N/A | Released in full. | |

I affirm that the foregoing is true and correct and that the VA OIG Information Release Office

reviewed responsive records individually and only redacted exempted materials.

Executed this 14th day of July 2022.

Ruthlee Gowins-Bellamy
Supervisory Government Information Specialist