ANDREW R. HADEN
Acting United States Attorney
BETSEY BOUTELLE
Assistant U.S. Attorney
California Bar No. 299754
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-8764
Facsimile: (619) 546-7751
E-mail: betsey.boutelle@usdoj.gov

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA A. POMARES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS.<br><br>　　　　　Defendants. | Case No.: 21-cv-00084-H-MSB<br><br>**DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　　May 12, 2025<br>Time:　　10:30 a.m.<br>Judge:　　Hon. Marilyn L. Huff<br>Crtrm:　　12A<br><br>**NO ORAL ARGUMENT REQUESTED**<br><br>[Briefing schedule set by order, ECF. No. 59] |

**TABLE OF CONTENTS**

PAGE(S)

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT .............. 1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................... 1

I. RELEVANT FACTUAL AND PROCEDURAL HISTORY ....................... 1

    A. The Parties' Previous Cross-Motions for Summary Judgment............. 1

    B. Plaintiff's Appeal to the Ninth Circuit and the Ninth Circuit's Narrow Remand............................................................................... 2

    C. The VA's Post-Appeal Document Productions and Supplemental *Vaughn* Index................................................................................... 6

II. THE COURT SHOULD GRANT SUMMARY JUDGMENT IN THE VA'S FAVOR........................................................................................... 9

    A. VA OIG has produced all non-exempt VES records that were subject to the Ninth Circuit's limited remand................................. 10

    B. VA OIG's targeted redactions to the newly produced interview transcripts are proper under Exemptions 6 and 7(C). ...................... 10

    C. Pursuant to Exemption 6, VA OIG properly redacted two additional pages of records located during VA OIG's post-appeal review and produced in February 2025.......................................... 12

III. CONCLUSION ....................................................................................... 13

# TABLE OF AUTHORITIES

x

x

PAGE(S)

**CASES**

*Cameranesi v. U.S. Dep't of Def.*, 856 F.3d 626 (9th Cir. 2017) .................................................................. 11

*Frontier Found. v. Off. of the Dir. of Nat'l Intel.*, 639 F.3d 876 (9th Cir. 2010) .................................................................. 4

*Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964 (9th Cir. 2009) .................................................................. 11

*Pomares v. Department of Veterans Affairs*, 113 F. 4th 870 (9th Cir. 2024) ............................................................ passim

*Rojas v. Fed. Aviation Admin.*, 941 F.3d 392 (9th Cir. 2019) .................................................................. 12

*Rosenfeld v. U.S. Dep't of Just.*, 57 F.3d 803 (9th Cir. 1995) ..................................................................... 6

*U.S. Dep't of Just. v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749 (1989) ........................................................................... 11

*Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) ................................................................... 2

*Voice of San Diego v. Naval Crim. Investigative Serv.*, No. 22-CV-834 TWR (MSB), 2024 WL 4471146 (S.D. Cal. Oct. 8, 2024) .......... 12

**STATUTES**

5 U.S.C. § 552(b) ........................................................................................ 2
5 U.S.C. § 552(b)(4) .................................................................................. 3
5 U.S.C. § 552(b)(6) ............................................................................ 3, 10
5 U.S.C. § 552(b)(7)(C) ............................................................................ 10
5 U.S.C. § 552(b)(7)(E) .............................................................................. 5

# NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

In this Freedom of Information Act case, Defendant United States Department of Veterans Affairs ("Defendant" or "the VA") hereby files its second motion for summary judgment in Defendant's favor on Plaintiff's Complaint for Declaratory and Injunctive Relief. The basis for this motion is that, pursuant to the Ninth Circuit's narrow remand in this case, *Pomares v. Department of Veterans Affairs*, 113 F. 4th 870 (9th Cir. 2024), the VA has produced all non-exempt records responsive to Plaintiff Maria Pomares's 2020 FOIA requests and has prepared a supplemental *Vaughn* index (filed with this motion) that complies with the Ninth Circuit's opinion and this Court's order of December 2, 2024. *See* ECF No. 58. The remaining documents and information that the VA has withheld from its post-appeal production are exempt from release under FOIA as a matter of law. No disputes of material fact remain, and Defendant is entitled to judgment in its favor.

The hearing on Defendant's motion is scheduled for May 12, 2025, at 10:30 a.m., before the Honorable Marilyn L. Huff, in Courtroom 12A of the United States District Court for the Southern District of California.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELEVANT FACTUAL AND PROCEDURAL HISTORY

#### A. The Parties' Previous Cross-Motions for Summary Judgment

As recounted in the parties' past briefing, in the Court's January 2023 summary judgment order (ECF No. 46), and in the Ninth Circuit's opinion in *Pomares v. Department of Veterans Affairs*, 113 F.4th 870, 877 (9th Cir. 2024), this case involves a series of FOIA requests that Plaintiff Maria Pomares submitted to the VA in November and December of 2020. Plaintiff sought to investigate two suspicions: first, that a VA official had improper ties to Veterans Education Success ("VES") a political advocacy organization, and second, that the VA had allegedly leaked nonpublic information regarding an upcoming change in agency policy in or around March 2020. *Id.* To that end, Plaintiff's first request, in November 2020, sought emails received or sent by

several VA officials, including those of Charmain Bogue, the former director of the Education Service in the Veterans Benefit Administration ("VBA"). *Pomares*, 113 F.4th at 878. Plaintiff's second request, in November 2020, sought records responsive to other FOIA requests that contained various words and terms. ECF No. 46 at 4. Her third request, in December 2020, sought all records relating to investigations by the VA Office of the Inspector General ("VA OIG") concerning the handling of "material, nonpublic information" or investigations in which Director Bogue was a subject or witness. *Pomares*, 113 F.4th at 878.

In response to the FOIA requests, various VA components conducted "more than ten separate FOIA searches" and ultimately processed thousands of pages of documents for release to Plaintiff. *Id.* at 879. The VA withheld or redacted certain responsive records where the agency deemed that certain material was exempt from release, in whole or in part, under the express terms of the FOIA statute. *See* 5 U.S.C. § 552(b); ECF No. 46 at 8–16 (summarizing FOIA exemptions relevant to the parties' disputes).

In July and October of 2022, the parties filed cross-motions for summary judgment. ECF Nos. 30–31, 34–37. Defendant's motion was accompanied by multiple declarations and *Vaughn* indexes from various VA components that had handled Plaintiff's FOIA requests, which identified the withholdings and redactions from the agency's FOIA releases and explained the VA's justifications for the non-disclosure of those materials pursuant to FOIA's exemptions. ECF Nos. 30-1–30-13; 36-1–36-4; *see Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). Plaintiff disputed the adequacy of the VA's searches and challenged its application of several FOIA exemptions.

Following a hearing on the parties' cross-motions, the Court issued an order in January 2023 granting Defendant's motion in full and denying Plaintiffs' motion. ECF No. 46.

**B.     Plaintiff's Appeal to the Ninth Circuit and the Ninth Circuit's Narrow Remand**

Plaintiff appealed to the Ninth Circuit. Specifically, "[o]n appeal, Pomares

challenge[d] the VA's search for emails sought in her first request and the VA's withholding of [VA Office of the Inspector General] records that she sought in her third request." *Pomares*, 113 F.4th at 878.

The Ninth Circuit reviewed those challenges de novo. *Id.* at 879. As to Pomares's first FOIA request, the Ninth Circuit "affirm[ed] the district court's judgement as to the adequacy of the search" for emails. *Id.* at 881. As to the third FOIA request, the Ninth Circuit observed that Plaintiff had challenged VA OIG's application of three separate FOIA exemptions to redact or withhold various documents it had collected or generated in the course of its investigation into Director Bogue. *Id.* at 881–888. The court addressed each of these three challenged exemptions in turn.

*First*, under FOIA Exemption 4, VA OIG had withheld records it had obtained from a private company, Evocati, LLC, in the course of its investigation. Explaining that the exemption covers "trade secrets and commercial or financial information obtained from a person and privileged or confidential," 5 U.S.C. § 552(b)(4), the Ninth Circuit held that VA OIG had properly applied the exemption to the Evocati records and affirmed the district court's judgment as to Exemption 4. *Pomares,* 113 F.4th at 881-883.

*Second*, pursuant to FOIA Exemption 6, which protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(6), Pomares challenged VA OIG's redaction of "names and contact information from emails it produced that were subpoenaed from VES and Evocati and from emails that were sent by and to the Inspector General." *Pomares,* 113 F.4th at 883. As the court observed, many of the redacted names and contact information in the challenged emails belonged to VA employees. *Id.* at 884. For 292 pages of records that VA OIG had subpoenaed from VES (mostly emails), they also included the names and contact information of various VES employees. *Id.* The court explained that this circuit's FOIA case law required it to balance the strength of those individuals' personal privacy interest in the nondisclosure of their names and contact information against Pomares's proposed public interests in

disclosure. *Id.* at 883.[1] Applying that test, the appellate court found that "the VA employees have a nontrivial privacy interest in their personal identities," and that "the VES employees have a greater privacy interest because they are private individuals whose identities are less closely connected to government functioning." *Id.* at 884. The court determined that neither of those privacy interests was outweighed by the public interests Pomares offered, namely: (1) "shed[ding] further light" on Charmain Bogue's misconduct as former Director of the VA's Education Service, or (2) Pomares's "suggest[ion] that revealing the names might reveal the source of the suspected leak to VES of the VA's decision to suspend enrollment at five for-profit schools" in or around March 2020. *Id.*[2]

Nevertheless, the court instructed, "our balancing comes out differently for the VES employees who lobbied Congress or the VA," since "[t]here is a strong interest in disclosing the names of lobbyists because that may 'shed light on which companies and which individuals influence government decision making.'" *Id.* (quoting *Elec. Frontier Found. v. Off. of the Dir. of Nat'l Intel.*, 639 F.3d 876, 886 (9th Cir. 2010)). The court noted this public interest was not evaluated "from the vantage of the person making the

---

[1] Plaintiff filed this tranche of records in her Excerpts of Record on appeal, at pages 288–579. She previously filed them in district court as Exhibit 13 to her motion for summary judgment. *See* ECF Nos. 34-16, 34-17, 34-18. As reflected on VA OIG's July 2022 *Vaughn* index, several records within those 292 pages were withheld or redacted based on FOIA Exemption 4. *See* ECF No. 30-3 at NOL 366 (cross-referencing ECF No. 30-2 at NOL 328–340). On appeal, Plaintiff did not challenge Exemption 4 or any other exemption as applied to those 292 pages of subpoenaed VES records other than Exemption 6.

[2] The court specifically noted the weaknesses of this second professed public interest, pointing out that "[n]one of the emails that Pomares cites establishes [a] connection" between VES employees' names and the suspected leak of information from the VA. *Pomares*, 113 F.4th at 885. The court clarified further: "Put differently, revealing the names of individuals who have not been shown to have a connection to the suspected leak does not help Pomares determine whether information was leaked or, if so, who might have done it." *Id.*

1  FOIA request," but rather as a "general public interest in understanding . . . the
2  operations or activities of the government." *Pomares,* 113 F.4th at 885 (citations and
3  internal quotation marks omitted). Mindful of that general public interest here, the Court
4  examined the 292 pages of released records that VA OIG had subpoenaed from VES
5  and that Plaintiff had put at issue in her appeal. The court described three categories of
6  redactions that it found questionable within the released emails: (1) redactions of "the
7  names of VES employees who emailed congressional aides recommending Director
8  Bogue and others for presidential appointments," (2) redactions of the names of "VES
9  employees who emailed VA employees," and (3) the redaction of "the name of a VES
10 employee who testified before a congressional committee, which was included in an
11 email." *Id.* Thus, the court summarized, "with regard to Pomares's challenge to
12 withholdings made under Exemption 6, we affirm the district court except as relates to
13 the names (but not the email addresses) of the VES employees who lobbied Congress
14 or the VA." *Id.* at 885.

15     *Third*, the Ninth Circuit took up Pomares's challenge to VA OIG's full
16 withholding of interview transcripts, pursuant to FOIA Exemption 7(E), that had been
17 created in the course of VA OIG's investigation into Director Bogue. Exemption 7(E)
18 permits agencies to withhold "records or information compiled for law enforcement
19 purposes" to the extent that production "would disclose techniques and procedures for
20 law enforcement investigations or prosecutions, or would disclose guidelines for law
21 enforcement investigations or prosecutions if such disclosure could reasonably be
22 expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Here, the Ninth
23 Circuit concluded, VA OIG's *Vaughn* index at summary judgment was inadequate to
24 justify the withholding of the transcripts based on the agency's belief that disclosure
25 would reveal "specific information about how VA OIG conducts official investigations,
26 including sequence and manner of questioning, and specific interview methods which
27 are confidential." *Id.* at 887. Rather, the court explained, if VA OIG wished to withhold
28 the transcripts under Exemption 7(E), its burden was to present sufficient evidence

establishing "that the technique or procedure" at issue was "not generally known to the public." *Id.* at 886 (quoting *Rosenfeld v. U.S. Dep't of Just.*, 57 F.3d 803, 815 (9th Cir. 1995)). Because the agency had not met that burden, the Ninth Circuit reversed this Court's grant of summary judgment as to the fully withheld interview transcripts under Exemption 7(E) and remanded for further proceedings. *Pomares,* 113 F.4th at 888.

### C. The VA's Post-Appeal Document Productions and Supplemental *Vaughn* Index

The Ninth Circuit's mandate issued in October 2024. ECF No. 53. The VA promptly worked to meet its obligations under the Court of Appeal's opinion. *See* accompanying Declaration of Ruthlee Gowins-Bellamy, ¶¶ 5–11. That task fell to VA OIG, since the records subject to the Ninth Circuit's remand all pertained to the document releases from that component of the VA in response to Plaintiff's December 2020 FOIA request for VA OIG investigations. *See id.*

Regarding the withheld interview transcripts, VA OIG reconsidered its position on Exemption 7(E) in light of the Ninth Circuit's opinion and elected to release the transcripts to Plaintiff, with only limited redactions of certain names and sensitive personal information whose disclosure would violate the subject individuals' privacy under FOIA Exemptions 6 and 7(C). *Id.* at ¶¶ 8–10. On November 12 and November 14, 2024, VA OIG released those records to Plaintiff, totaling over 2,100 pages. *See id.* at 8; Exs. 1, 2; *see also* VA OIG Supplemental *Vaughn* index at 54–94 (describing redactions in detail). On January 17 and January 31, 2025, VA OIG re-released certain transcript pages to Plaintiff after un-redacting additional material upon review. *See* Gowins-Bellamy Decl. ¶ 8; Exs. 4, 5.

Meanwhile, the VA also removed various Exemption 6 redactions from the 292 pages of subpoenaed VES records that Plaintiff had put at issue in her appeal. *See* Gowins-Bellamy Decl. ¶¶ 5– 7. Specifically, in accordance with the Ninth Circuit's decision, VA OIG removed redactions over (1) the names of VES employees in emails where those employees "emailed congressional aides," (2) the names of VES employees

in records where those employees were the senders of emails that lobbied VA employees, and (3) "the name of a VES employee who testified before a congressional committee," as reflected in the email where that testimony was discussed. *Pomares*, 113 F.4th at 885; Gowins-Bellamy Decl. ¶ 6. Pursuant to this review, VA OIG re-released pages to Plaintiff on November 12, 2024 and November 21, 2024. Gowins-Bellamy Decl. ¶¶ 6–7.

In December 2024, this Court issued its Order Setting Briefing Schedule as to the parties' anticipated renewed cross-motions for summary judgment, based on the joint motion and proposed order submitted by the parties. ECF Nos. 58, 59. On January 16, 2025, in compliance with that order, the VA's counsel produced a supplemental *Vaughn* index to Plaintiff summarizing VA OIG's redactions and withholdings from its post-appeal production of documents (i.e., the interview transcripts and the challenged pages of VES emails). Bellamy-Gowins Decl. ¶ 11. Following a meet and confer between the parties as to their disputes, the VA's counsel produced a revised supplemental *Vaughn* index to Plaintiff on January 31, 2025, itemizing the transcript redactions on a page-by-page basis. Bellamy-Gowins Decl. ¶ 11.

The updated version of VA OIG's Supplemental *Vaughn* index, reflecting current redactions and withholdings from VA OIG's post-appeal production of documents, is filed with this motion. This Court instructed in its December 2024 order that the VA's *Vaughn* index "need not address records the withholding of which the Ninth Circuit affirmed" in its decision above. ECF No. 58 at 2. However, since Defendant understands that there may still be some dispute between the parties as to which portions of records (and specifically, which names) the Ninth Circuit's affirmance applied to, the portion of the Supplemental *Vaughn* Index addressing the un-redacted VES records includes *all* 292 pages of those records that Plaintiff put at issue in her appeal. *See* VA OIG Supplemental Vaughn Index. Thus, to facilitate the Court's review, VA OIG's Supplemental *Vaughn* Index specifies which of those pages have been re-released with

redactions removed, and which pages were not re-released after VA OIG determined upon review that no un-redaction or re-release was necessary under the Ninth Circuit's decision.

VA OIG's Supplemental *Vaughn* Index also includes 14 additional pages of records that VA OIG located on the investigation SharePoint site during the course of its post-appeal review, and which appear not to have been previously processed or released by VA OIG. *See* VA OIG Supplemental Vaughn Index at 96; Gowins-Bellamy Decl. ¶ 15. VA OIG located those 14 pages in early 2025 when, at Plaintiff's request, it reviewed its SharePoint investigation file for approximately 70 documents that VA OIG investigators had referred to as "exhibits" in the interview transcripts released to Plaintiff in November 2024. *Id.* at ¶¶ 12–15. VA OIG's review confirmed that, with the exception of those 14 pages, the "exhibits" referenced in the interview transcripts had already been either: (1) fully or partially released to Plaintiff (or duly withheld) by VA OIG in 2022, as already described in VA OIG's July 2022 declaration (ECF No. 30-2 at NOL 011–012) and *Vaughn* index (ECF No. 30-3 at NOL 360–397); or (2) transmitted to VA components VBA or OGC in 2022 for their review and potential release, as described in the July 2022 submissions of VA OIG,[3] VBA,[4] and OGC.[5] VA OIG released the remaining 14 pages to Plaintiff in February 2025, subject to limited redactions on two pages for certain names and personal identifiers pursuant to FOIA Exemption 6. *See* VA OIG Supplemental *Vaughn* Index at 96.

The VA has thus completed its post-appeal review and production of documents in accordance with the Ninth Circuit's decision in this case. All remaining redactions

---

[3] *See* ECF No. 30-2 at NOL 366–367 (VA OIG *Vaughn* index listing pages referred to VBA and OGC).

[4] ECF No. 30-13 at NOL 1325-1328 (VBA declaration addressing receipt of 1302 pages referred from VA OIG), NOL 1541-1631 (VBA *Vaughn* index addressing same).

[5] ECF No. 30-4 at NOL 410-412 (OGC declaration addressing receipt of 488 pages referred from VA OIG), NOL 513-574 (OGC *Vaughn* index addressing same).

and withholdings from those releases are proper. The VA now respectfully moves again for summary judgment.

## II. THE COURT SHOULD GRANT SUMMARY JUDGMENT IN THE VA'S FAVOR

As the Ninth Circuit noted in its opinion, the parties' previous motions for summary judgment required the district court to "consider[] thousands of pages across more than ten separate FOIA searches." *Pomares*, 113 F.4th at 879. The scope of this second motion is more limited because Pomares only appealed a "narrower" set of issues from the district court's first grant of summary judgment for the VA: namely, "the adequacy of the VA's search for two officials' emails" and "the applicability of Exemption 4 to records submitted by Evocati; Exemption 6 to emails from VES, Evocati, and the Inspector General; and Exemption 7(E) to transcripts from OIG interviews."

The Ninth Circuit addressed those appealed issues and affirmed the adequacy of the VA's email searches and the withholding of the Evocati records under Exemption 4. *Pomares*, 113 F.4th at 879–882. The court largely affirmed VA OIG's application of Exemption 6 to released emails but remanded as to a narrow subset of names appearing in the emails that VA OIG subpoenaed from VES. *Id.* at 883–885. And it reversed and remanded as to Exemption 7(E)'s application to the interview transcripts. *Id.* at 885-886.

Thus, on remand, the only remaining questions for the court to decide in this case are (1) whether VA OIG has produced all non-exempt VES records put at issue in the appeal that are subject the Ninth Circuit's limited remand, (2) whether VA OIG's targeted redactions to the newly produced interview transcripts are proper under Exemptions 6 and 7(C), and (3) whether VA OIG has properly produced all non-exempt material from the 14 pages of records located during VA OIG's post-appeal review and produced in February 2025. Because the answer to all three questions is "yes," the Court should grant summary judgment for the VA.

### A. VA OIG has produced all non-exempt VES records that were subject to the Ninth Circuit's limited remand.

FOIA Exemption 6, 5 U.S.C. § 552(b)(6), covers "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).[6] As described above, the Ninth Circuit affirmed VA OIG's application of Exemption 6 to redact VA employee names and VES employee names from the 292 pages of emails subpoenaed from VES that Plaintiff put at issue in the appeal. The only exceptions to this affirmance were "the names (but not the email addresses) of the VES employees who lobbied Congress or the VA." *Pomares*, 113 F.4th at 885. Consistent with the Ninth Circuit's specific descriptions of the referenced emails, VA OIG thus un-redacted VES employee names from emails where (1) those VES employees "emailed congressional aides," (2) those VES employees were the senders of emails that lobbied VA employees, and (3) where a VES employee was referenced as testifying before Congress. *Pomares*, 113 F.4th at 885; Gowins-Bellamy Decl. ¶ 6. The VA has thus complied with the Ninth Circuit's remand and released all non-exempt information from the 292 pages of VES records Plaintiff put at issue in the appeal.

### B. VA OIG's targeted redactions to the newly produced interview transcripts are proper under Exemptions 6 and 7(C).

FOIA Exemption 7(C) counsels that an agency's disclosure obligations do not apply to law-enforcement records whose release "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).[7]

---

[6] Plaintiff has never disputed that the redacted information here qualifies as a "similar file" covered by Exemption 6, but she disputed whether the privacy interests at stake outweighed her professed public interests in the names. *Pomares*, 113 F.4th at 883.

[7] Here, Plaintiff "does not dispute that the records gathered by OIG for its internal investigation were gathered for a law-enforcement purpose." *Pomares*, 113 F.4th at 886.

While Exemption 7(C) is similar to Exemption 6, "Exemption 7(C)'s privacy language is broader than the comparable language in Exemption 6 in two respects." *U.S. Dep't of Just. v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 756 (1989). First, Exemption 6 "requires that the invasion of privacy be '*clearly* unwarranted,' a requirement omitted from the language of Exemption 7(C)." *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 974 (9th Cir. 2009) (emphasis in original) (quoting *Reporters Comm.*, 489 U.S. at 756). Second, while Exemption 6 restricts disclosure of information that "*would* constitute" an unwarranted invasion of privacy, Exemption 7(C) prevents disclosure of information that "*could* reasonably be expected to constitute" an unwarranted invasion of privacy. *Id.* (emphasis added) (citing *Reporters Comm.*, 489 U.S. at 755–56).

Apart from those distinctions, Exemption 7(C), like Exemption 6, calls for a two-step balancing of privacy interests against public interests. *Lahr*, 569 F.3d at 973. The court first must "evaluate the personal privacy interest at stake to ensure that disclosure implicates a personal privacy interest that is nontrivial or more than de minimis." *Cameranesi v. U.S. Dep't of Def.*, 856 F.3d 626, 637 (9th Cir. 2017). To this end, "[a] showing that the interest is more than de minimis will suffice." *Id.* at 638. At step two, the court "balance[s] the privacy interests identified . . . against the public interest favoring disclosure." *Id.* at 643.

Here, VA OIG's Supplemental *Vaughn* Index invokes both FOIA Exemptions 6 and 7(C) as justification for redacting certain and items of sensitive or identifying personal information from the interview transcripts that VA OIG released after the Ninth Circuit decision. *See* VA OIG Supplemental *Vaughn* Index at 53–95. The names and personal information pertain to VA employees, VES employees, and third parties not employed by either entity. *Id.* The Ninth Circuit has already held in this case that similar categories of names—when displayed as senders or recipients of emails in the VES records—carry more than a de minimis privacy interest, given that disclosure could "affect employees' 'control of information concerning [their] person[s]' or expose them

to harassment." *Pomares*, 113 F.4th at 884 (quoting *Rojas v. Fed. Aviation Admin.*, 941 F.3d 392, 397 (9th Cir. 2019)). That concern is even more acute for individuals referenced in the VA OIG interview transcripts, whose names and personal information are discussed by investigators in the context of a law enforcement interview—all outside the individuals' own presence or knowledge. The privacy interests here are thus significant.

By contrast, the public interest in disclosure of this personal information is minimal to nonexistent. To the extent that disclosure would shed light on VA policy or otherwise vindicate a public interest in uncovering misconduct, VA OIG has attempted to accommodate that interest by declining to redact the names of senior VA officials, the names of the interviewees, the names of VES employees described as lobbying the VA, certain names or identifiers requested by Plaintiff, and various other individuals with identities pertinent to VA OIG's publicly released investigation findings regarding Director Bogue. *See* Gowins-Bellamy Decl. ¶¶ 9–10. But there is no public interest in the identities or personal information of the remaining individuals—particularly under the more lenient standard of Exemption 7(C)—who have "substantial interests in not being associated with a law enforcement investigation and in not being contacted by members of the press or the public." *Voice of San Diego v. Naval Crim. Investigative Serv.*, No. 22-CV-834 TWR (MSB), 2024 WL 4471146, at *25 (S.D. Cal. Oct. 8, 2024).

The Court should uphold VA OIG's targeted redactions to the newly released interview transcripts under Exemptions 6 and 7(C).

**C. Pursuant to Exemption 6, VA OIG properly redacted two additional pages of records located during VA OIG's post-appeal review and produced in February 2025.**

As described in VA OIG's Supplemental *Vaughn* Index, VA OIG also applied Exemption 6 to redact certain names and contact information appearing on two of the 14 additional pages of records that VA OIG released to Plaintiff in February 2025.

*See* VA OIG Supplemental *Vaughn* Index at 95. The redacted names pertain to lower-level VES employees (such as a "Law Intern") who were cc'd on an internal VES email. Additional redactions of names on the remaining 12 pages appeared on the original document in VA OIG's files and were not applied by VA OIG for purposes of the FOIA release to Plaintiff. *Id.*

Pursuant to Exemption 6, as previously discussed, the individuals on the two pages redacted by VA OIG have nontrivial privacy interests in their personal identities and in not being exposed to the potential harassment that could result from disclosure of their names and contact information. *See Pomares*, 113 F.4th at 884. There is no countervailing public interest in the disclosure of these individuals' names or identifying information.

This Court should grant summary judgment for the VA as to the exemptions applied to the additional pages of records released in February 2025.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant summary judgment in its favor.

DATED: February 14, 2025          Respectfully submitted,

ANDREW R. HADEN
Acting United States Attorney

*s/Betsey Boutelle*
BETSEY BOUTELLE
Assistant United States Attorney

Attorneys for Defendant U.S. Department of Veterans Affairs